IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN WIGGINS,

    Plaintiff,

v.                                  CIV 13-0991 MCA/KBM

DEPARTMENT OF CORRECTIONS,
DIRECTOR OF ADULT PRISONS,
JERRY ROARK,

    Defendants.

## **ORDER DENYING APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court on Plaintiff's Motions for Appointment of Counsel *(Docs. 6 & 9)*.  Plaintiff has no constitutional right to counsel in this matter nor is counsel automatically appointed upon request.  *See, e.g., Parker v. Bruce,* 109 F. App'x 317, 321 (10th Cir. 2004).  In considering whether to appoint counsel for indigent plaintiffs under 28 U.S.C. § 1915(d), the factors this Court should consider include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"  *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991)).

Here, the legal issues appear relatively straightforward and are not complex, and Plaintiff's allegations are coherently presented.  Moreover, this

matter has not yet passed the *Martinez* Report stage when the Court ascertains whether there are any claims for relief that should go forward. Until the Court makes that initial determination, a request for appointment of counsel is premature.

    Wherefore,

    **IT IS HEREBY ORDERED** that Plaintiff's motions for appointment of counsel are **denied without prejudice.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE