IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN WIGGINS,

    Plaintiff,

 v.                                     No. CIV 13-0991 MCA/KBM

DEPARTMENT OF CORRECTIONS,
DIRECTOR OF ADULT PRISONS, JERRY ROARK,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended civil rights complaints (Docs. 1, 15-1) (together the "complaint"). Also before the Court is Plaintiff's Motion for Leave to File an Amended Complaint (Doc 15). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, in 2012, other inmates attacked Plaintiff and caused him serious injuries, although Plaintiff was later found guilty of disciplinary charges for the incident. Officials denied or ignored his grievances and the appeal he filed after the assault and disciplinary conviction.  He asserts that Defendants failed to protect his well-being, discriminated against him, failed to properly investigate his allegations or follow disciplinary procedures, and wrongfully transferred and "over-pointed" him after the disciplinary conviction.  Since the incident, he has been denied payment for work he has done at the prison.  In his amended complaint (Doc. 15-1), he asserts a number of legal and biblical grounds in support of his unpaid-work claim.  Plaintiff contends that Defendants' conduct has violated his rights under the Eighth and Fourteenth Amendments.  He seeks damages and injunctive relief.

No relief is available on Plaintiff's claims against Defendant [New Mexico] Department of Corrections.  As a state agency, the Department is not a " 'person[]' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' "  *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)); *cf. Jones v. Courtney*, 466 F. App'x 696, 702 (10th Cir. 2012) (affirming denial of execution of judgment against a state corrections department on Eleventh Amendment grounds).  Because the Department of Corrections is not a "person" for purposes of § 1983, the Court will dismiss Plaintiff's claims against this Defendant.

Nor do Plaintiff's allegations state claims under § 1983 against Defendant Roark.  As the complaint asserts, Defendant Roark, who is the Director of Adult Prisons, is "responsible for the

overall operation . . . and all the facilitys" in New Mexico. Plaintiff makes no allegations of this Defendant's personal involvement in the alleged deprivations and thus does not affirmatively link him to the violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.*; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) ("[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*"); *Vega v. Davis*, --- F. App'x ----, ----, 2014 WL 3585714, at * (10th Cir. July 22, 2014) (reversing denial of qualified immunity; inadequate showing of warden's personal involvement). As the Court of Appeals for the Tenth Circuit has stated, "to present a plausible right to relief . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). Plaintiff's claims against the named Defendants must be dismissed.

Furthermore, even if Plaintiff had named appropriate Defendants, his allegations do not support constitutional claims. For his Eighth Amendment claim, he makes no legally adequate allegation that Defendants failed to protect him from the assault by other prisoners.

> A prison official's failure to prevent harm "violates the Eighth Amendment only when two requirements are met." First, the prison official's act or omission must be "objectively, sufficiently serious" and "result in the denial of the minimal civilized measure of life's necessities. . . . [T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Second, the "prison official must have a sufficiently culpable state of mind," in this case "deliberate indifference to inmate health or safety." Deliberate indifference requires actual knowledge of the risk to inmate safety.

3

*Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir. 2002) (internal citations omitted). Plaintiff does not allege any prior indication that he might have been in harm's way or that that prison officials knew of a risk of harm. *See Gullatte v. Potts*, 654 F.2d 1007, 1012 (5th Cir. 1981), *cited with approval* in *Thomas v. McCotter*, No. 92-4094, 1992 WL 279861, at *1 (10th Cir. Oct. 6, 1992). His claim against corrections staff for not protecting him from other inmates will be dismissed for failure to allege essential elements of this claim.

Nor do Plaintiff allegations that Defendants ignored and improperly denied his grievances support a constitutional claim.

> [T]here is no independent constitutional right to state administrative grievance procedures. Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process. Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." Consequently, any alleged deprivation of the prison grievance process here failed to implicate [Plaintiff]'s right of access to the courts, and the district court was therefore correct to dismiss the . . . complaint for failure to state a claim.

*Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) (internal citations omitted). The Court will dismiss Plaintiff's claim of violations of prison grievance procedures.

And last, no relief is available on Plaintiff's allegation that he has not received pay for work that he has done since the assault and his disciplinary conviction. The starting point for analyzing this claim is the rule that inmates enjoy no constitutional right to wages for labor performed during incarceration. *See Rochon v. Louisiana State Penitentiary Inmate Account*, 880 F.2d 845, 846 (5th Cir. 1989). Here, the applicable state statute simply allows payment of wages to inmates who provide labor at the various facilities. *See* N.M. Stat. Ann. § 33-2-26 (Repl. Pamp. 1998). The statute does not limit officials' discretion, *cf. Kentucky Dep't of Corr. v.*

*Thompson,* 490 U.S. 454, 462 (1989), and thus does not confer on Plaintiff a liberty or property interest in wages.  Nor does Plaintiff assert a claim of forced unpaid labor.  *Cf. Pietrowski v. Champion*, No. 95-5079, 1995 WL 460503, at *1 (10th Cir. Aug. 3, 1995).  The Court will dismiss this claim.

    IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint (Doc 15) is DENIED as moot, his original and amended complaints (Docs. 1, 15-1) are DISMISSED with prejudice, and judgment will be entered.

 

_____
UNITED STATES DISTRICT JUDGE